UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LUIS RODRIGUEZ (#381927)                                   CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                       NO. 10-0736-FJP-DLD

## RULING ON MOTION

This matter comes before the Court on the plaintiff's Motion, rec.doc.no. 89, pursuant to which he requests a stay of proceedings in this case and also requests the appointment of counsel.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden John Larry Calvert, Mental Health Social Worker Dave Akenbrand, and unidentified "John Doe" employees at LSP, complaining that the defendants have violated his constitutional rights, commencing in October, 2009, by exhibiting deliberate indifference to his serious medical needs. Specifically, the plaintiff complains that, when he arrived at LSP in October, 2009, he was not provided with shoes of any kind and, as a result, he developed a foot infection and was unable to utilize the exercise yard, which has caused him physical and mental suffering. In addition, the plaintiff complains that the defendants have refused his requests for state-issued clothing and for access to his legal materials. Finally, the plaintiff complains that when he requested assistance from the prison's mental health department, his requests were refused or ignored.

Initially, the plaintiff asserts that, because of emergency conditions existing at LSP, and because of evacuations being conducted due to high water, he does not have his legal materials or the help of inmates who have previously assisted him with this case. Accordingly, he seeks a stay of proceedings pending the prison's return to normalcy. While the Court finds that a stay of proceedings is not warranted in this case at the present time, the Court will grant the plaintiff a further extension of time to respond to the defendants' pending Motion for Summary Judgment.

Turning to the plaintiff's request for appointment of counsel, he Court notes, at the outset, that the Court does not have the power or authority under § 1915(d) to "appoint" counsel in a civil rights case in the sense of requiring and compelling an attorney to represent the plaintiff in connection with his claims. See Mallard v. United States District Court, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1915(d), by its express terms, authorizes the Court only to "request" an attorney to represent an in forma pauperis litigant. Id. Further, an in forma pauperis plaintiff seeking to assert a civil rights claim under § 1983 has no automatic right to the assistance of counsel under § 1915(d), and the Court is not required to seek such counsel "unless the case presents exceptional circumstances." See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). As explained in Ulmer, supra:

> Although "[n]o comprehensive definition of exceptional circumstances is practical," a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case...; (2) whether the indigent is capable of adequately presenting his case...; (3) whether the indigent is in a position to investigate adequately the case...; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross examination ....

In the instant case, the Court finds that such "exceptional circumstances" requiring the appointment of counsel are not apparent at this time. This complaint is neither factually nor legally complex, and no other factors in Ulmer, supra, are found to require appointment of counsel. The plaintiff has set out the factual basis for his claim in his Complaint. This pleading and others reflect that the plaintiff understands the proceedings and can address the issues presented. The plaintiff has been provided with the records of his administrative remedy proceedings as well as with substantial documentation from the defendants. At a later point, if warranted, he will also be able seek other documentation and information through formal discovery channels. He can use these materials to cross-examine the defendants and prepare for trial.

Further, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case. Pro se plaintiffs are given great flexibility in the examination

of witnesses. The plaintiff has adequately presented his case thus far and does not appear to come within the "exceptional circumstances" test.

Further, to the extent that the plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every prisoner who prosecutes a pro se lawsuit. For this reason, pro se pleadings are held to less stringent standards than formal pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). This Court is liberal in reviewing inmate pro so pleadings and motions filed under § 1983, giving inmates ample opportunity to amend if necessary, and granting generous extensions of time to comply with Court Orders. Consequently, the Court's liberal construction of prisoner § 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with the plaintiff's apparent ability to litigate this action pro se, convinces the Court that the appointment of counsel is not necessary at this time.

Finally, the Court finds that the appointment of counsel would be of little service to the Court or the plaintiff in this case and would not significantly assist in the shaping of the examination of the witnesses or the sharpening of the issues for trial.

Having considered the factors set forth in Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982), the Court finds that appointment of counsel is not required or warranted in this case.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the plaintiff is hereby granted an extension of time of thirty (30) days from the date of this Order within which to respond to the defendants' pending Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel is **DENIED.**

Signed in Baton Rouge, Louisiana, on May 24, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**